AUGUST CARR V. BECKETT.

JUDGMENT ON JOINT OBLIGATION.

>    After judgment against two joint makers, a new trial granted to one should be given to both.    If otherwise, it will stand as to the other, where he does not complai·1.    But the judgment against one merges the debt, and precludes a subsequent judgment against the other.

ERROR to the Circuit Court of Butler county.

SMITH, J.

Beckett sued Israel Carr before a justice of the peace on a joint note purporting to be signed by him and Augustus Carr, and recovered a judgment. Israel Carr appealed to the common pleas, where, without objection, Augustus Carr was also made a defendant, and the two jointly filed an answer denying the execution of the note.    Trial was had and a verdict rendered against both of the defendants.    On a motion for a new trial by both, the verdict was set aside as to Augustus and a new trial granted as to him, and overruled as to Israel and judgment rendered against him on the verdict, and the case continued for trial as to Augustus.    At a subsequent term the issue as to Augustus Carr was tried, and a verdict rendered in favor of the plaintiff.    Carr moved for a new trial, and in arrest of judgment, on the ground that the judgment at the prior term against

Israel Carr was a merger of the claim on the note against both makers. The court overruled the motions and rendered judgment on the verdict against Augustus Carr, and he prosecuted his proceeding in error against Beckett alone to reverse that judgment.

*Held:* That there was error in the judgment against both of the defendants —in this: 1. That on the setting aside of the verdict and the granting of the new trial to one of two makers of a joint note, it should have been done as to the other also, for the reason, that he was entitled to have the case tried as to both at the same time, and that in such case a judgment cannot properly be taken as to one defendant, leaving the action to proceed as to the other. Acker v. Adams & Ford, 23 O. S., 543. But Israel Carr not complaining of such error, the judgment against him stands.

2. That a judgment having been rendered against Israel Carr on the joint note of the two defendants, no subsequent recovery can be had against Augustus Carr. The claim against both on the note was merged into the judgment, and Augustus Carr might afterwards have set up this fact as a defense. But not having done so, and the facts appearing on the record, his motion in arrest of judgment was proper, and it was error in the court to overrule his motion and to render a judgment against him. Avery v. Vansickle, 35 O. S., 274.

Judgment reversed as to Augustus Carr.

F. Vanderveer, for plaintiff in error.

Israel Williams, for defendant in error.